ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2015 JUN -1  AM 10: 16

CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | |
| v. | No. 4:15-CR-083-O |
| | **(Supersedes Indictment Returned** |
| GABRIEL POPA (1) | **April 15, 2015)** |

## SUPERSEDING INFORMATION

The United States Attorney Charges:

### Count One
Fraud in Connection with Access Devices
(18 U.S.C. §§ 1029(a)(3) and (b)(1))

On or about December 11, 2014, in the Northern District of Texas, the defendant,

**Gabriel Popa**, knowingly and with intent to defraud, attempted to possess fifteen or

more unauthorized access devices, said possession affecting interstate commerce, to wit:

Popa used a skimming device that he attached to an ATM machine at the Navy Federal

Credit Union in Westworth Village, Texas, to collect more than 15 ATM, debit card, and

credit card numbers from unsuspecting customers.

All done in violation of 18 U.S.C. §§ 1029(a)(3) and (b)(1).

<u>Forfeiture Notice</u>

I.   The allegations contained in Count One of this Indictment are hereby realleged

and incorporated by reference for the purpose of alleging forfeitures pursuant to 18

U.S.C §§ 982(a)(2)(B) and 1029(c)(1)(C).

II.   Upon conviction for the offense in violation of 18 U.S.C. §§ 1029 (a)(3) set forth

in Count One of this Indictment, the defendant, Gabriel Popa, shall forfeit to the

United States of America:

    a.   Pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived

from, proceeds the defendant obtained directly or indirectly, as the result of

the Count One offense;

    b.   Pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or

intended to be used to commit the offense.

III.   If any of the property described above, as the result of any act or omission of the

defendants:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without

difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as

incorporated by 18 U.S.C. §§ 928(b)(1) and 1029(c)(2) and 28 U.S.C. §

2461(c), to seek forfeiture of any other property of the defendants up to the

value of the forfeitable property described above.

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

JAY WEIMER
Assistant United States Attorney
Texas State Bar No. 24013727
801 Cherry Street, Suite 1700
Fort Worth, Texas  76102
Telephone:  817-252-5200
Facsimile:  817-252-5455