

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2015 JUN -1 AM 10: 17

CLERK OF COURT

UNITED STATES OF AMERICA

v.  No. 4-15:CR-83-O

GABRIEL POPA (1)

## FACTUAL RESUME

**INFORMATION:**

Count One: Attempted Possession of Fifteen or More Unauthorized Access Devices in Violation of 18 U.S.C. § 1029(a)(3) and (b)(1)

**PLEA:**

Count One: Attempted Possession of Fifteen or More Unauthorized Access Devices in Violation of 18 U.S.C. § 1029(a)(3) and (b)(1)

**PENALTIES:**

The penalties the Court can impose include:

a. imprisonment for a period not more than 10 years;

b. a fine not to exceed $250,000;

c. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the Defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d. a mandatory special assessment of $100;

e. restitution to victims or to the community, which may be mandatory under the law, and which the Defendant agrees may include restitution arising

Factual Resume - Page 1

        from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f.    costs of incarceration and supervision.

## ESSENTIAL ELEMENTS OF THE OFFENSE:

To establish the offense alleged in Count One of the indictment, the government must prove the following elements beyond a reasonable doubt:

    <u>First</u>:    The defendant knowingly attempted to possess at least fifteen unauthorized access devices at the same time;

    <u>Second</u>:    The defendant knew that the devices he attempted to possess were unauthorized;

    <u>Third</u>:    The defendant acted with the intent to defraud; and

    <u>Fourth</u>:    The defendant's attempted conduct in some way would have affected commerce between one state and [an]other state[s], or between a state of the United States and a foreign country.

STIPULATED FACTS:

The Defendant stipulates that the following facts are true and correct, and waives any objection under Federal Rule of Evidence 410 to the use of these Stipulated Facts against him at any proceeding:

1. On or about December 11, 2014, in the Northern District of Texas, the defendant, **Gabriel Popa**, knowingly and with intent to defraud, attempted to possess fifteen or more unauthorized access devices, and said possession would have affected interstate commerce, to wit: **Popa** used a skimming device that he attached to an ATM machine at the Navy Federal Credit Union in Westworth Village, Texas, to attempt to collect more than 15 ATM, debit card, and credit card numbers from unsuspecting customers.

2. On December 11, 2014, employees of the Navy Federal Credit Union observed **Popa** tampering with an ATM machine. They contacted the police, who arrived and found **Popa** in his vehicle in the parking lot. **Popa** was detained. During a pat down search, officers found a bottle of adhesive on **Popa's** person, and saw a skimming device in his car. Officers inspected the ATM machine that **Popa** was seen tampering with, and found a skimming device attached to it with fresh adhesive. It was similar to the device found in **Popa's** car.

3. **Popa's** conduct would have affected and did affect interstate and foreign commerce in that Navy Federal Credit Union operates in and affects interstate

commerce, and the credit card, debit card, and bank card numbers he attempted to steal and possess belonged to individuals from various states and foreign countries, and were issued by companies outside the State of Texas.

SIGNED on this __28__ day of __May__, 2015.

_____
GABRIEL POPA
Defendant

_____
MICHAEL ~~LOWE~~ LEHMANN
Attorney for Defendant

Factual Resume - Page 4