# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:15-CR-00083-O(01) |
| | U.S. Marshal's No.: 49391-177 |
| GABRIEL POPA | J. Stevenson Weimer, Assistant U.S. Attorney |
| | Michael A. Lehmann, Attorney for the Defendant |

On June 3, 2015 the defendant, GABRIEL POPA, entered a plea of guilty as to Count One of the Superseding Information filed on June 1, 2015. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§ 1029(a)(3) and (b)(1) | Fraud in Connection with Access Devices | December 11, 2014 | One |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count One of the Superseding Information filed on June 1, 2015.

Upon Motion of the Government, all remaining Counts are dismissed, as to this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed November 2, 2015.

_____
REED O'CONNOR
U.S. DISTRICT JUDGE

Signed November 2, 2015.

Judgment in a Criminal Case Page **2** of **4**
Defendant: GABRIEL POPA
Case Number: 4:15-CR-00083-O(1)

## IMPRISONMENT

The defendant, GABRIEL POPA, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **THIRTY(30) months** as to Count One of the Superseding Information filed on June 1, 2015.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) years** as to Count One of the Superseding Information filed on June 1, 2015.

As a condition of supervised release, upon the completion of the sentence of imprisonment, the defendant shall be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Nationality Act, 8 USC § 1101 et seq. As a further condition of supervised release, if ordered deported or removed, the defendant shall remain outside the United States.

In the event the defendant is not deported immediately upon release from imprisonment, or should the defendant ever be within the United States during any portion of the term of supervised release, the defendant shall also comply with the standard conditions contained in the Judgment and shall comply with the mandatory and special conditions stated herein:

( 1) not leave the judicial district without the permission of the Court or probation officer;
( 2) report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3) answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4) support the defendant's dependents and meet other family responsibilities;
( 5) work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6) notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7) refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8) not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9) not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11) notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;

Judgment in a Criminal Case Page **3** of **4**
Defendant:  GABRIEL POPA
Case Number:  4:15-CR-00083-O(1)

(12) not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and,

(13) notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

report in person to the U.S. Probation Office in the district to which the defendant is released from custody of the Federal Bureau of Prisons, or in which the defendant makes entry into the United States, within 72 hours of release or entry;

refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer;

participate in a program approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, contributing to the costs of services rendered (copayment) at the rate of at least $25 per month;

provide to the probation officer complete access to all business and personal financial information;

not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in any business which involves access to credit information of other persons, including but not limited to the handling of credit cards, bank checks, drafts, or other financial documents, without the probation officer's prior approval; and,

not possess any forms of identification in any name other than his true and legal name, Gabriel Popa, showing a date of birth of 01/08/1984. He shall not possess, handle, or distribute any identification, credit cards, bank checks, or other financial instruments in any name other than his true name, Gabriel Popa.

Judgment in a Criminal Case Page **4** of **4**
Defendant:  GABRIEL POPA
Case Number:  4:15-CR-00083-O(1)

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal